EL PUEBLO DE PUERTO RICO, demandante y apelado, *v.* JUAN ALICEA, acusado y apelante.

No. 3230.—*Visto:* Junio 5, 1928. *Resuelto:* Julio 10, 1928.

*González Fagundo & González Jr.,* abogados del acusado; *José E. Figueras,* abogado de *El Pueblo,* apelado.

EL JUEZ ASOCIADO SEÑOR TEXIDOR, emitió la opinión del tribunal.

Esta causa se siguió bajo acusación presentada por el Fiscal de Distrito de San Juan, en la que sustancialmente se alegó que el acusado Juan Alicea era, en la época del 13 al 20 de febrero de 1926, un empleado de la compañía "Singer Sewing Machine Company" con domicilio en San Juan, y que como tal empleado tenía facultades para vender máquinas y cobrar el dinero de las ventas, con obligación de rendir cuentas, y de entregar el dinero a la compañía; que el acusado cobró $284.70 y dispuso de tal suma apropiándosela, y destinándola a fines distintos al desempeño de su cargo, con intención de defraudar, y defraudando, a la dicha compañía, dueña de ese dinero.

El acusado hizo la alegación de no culpable. Se siguió el juicio, y la corte dictó sentencia condenando al acusado por delito de abuso de confianza, a un año de presidio con trabajos forzados. Contra la sentencia se ha interpuesto el presente recurso de apelación.

Como un primer error señala el apelante la admisión, en evidencia, de un contrato entre el acusado y la compañía. El contrato fué presentado en el juicio, cuando declaraba el testigo Francisco Vélez, a quien se preguntó cómo sabía que el acusado era empleado de la compañía, y contestó que porque tenía un contrato con ella; se le mostró el documento, y lo reconoció, así como la firma de Juan Alicea que en el mismo aparece. La defensa objetó porque, a su juicio, era necesario que se justificara la facultad del gerente, que firma el contrato, y para ello se utilizaran los reglamentos de la corporación. Y ahora el apelante sostiene que como el testigo no reconoció la firma del gerente Sr.

Terry, no aparece satisfactoriamente probado el contrato, y con él la relación de principal y agente.

De acuerdo con el artículo 87 de la Ley de Evidencia, un escrito puede probarse por cualquier persona que haya presenciado su otorgamiento, y, a más por un testigo de tal otorgamiento. El testigo Vélez aparece firmando, en esa calidad, el documento de que se trata, y reconoce su firma, y la de otro testigo, y la del acusado; y en cuanto al contrato, Vélez es testigo del mismo, y declaró en cuanto a su otorgamiento.

El acusado declaró que era agente de la compañía "Singer Sewing Machine", aunque dió a sus operaciones otra explicación distinta de la presentada por el fiscal.

No puede encontrarse error alguno en la admisión de tal prueba.

El segundo error asignado consiste, a entender del apelante, en la admisión de libros talonarios de la. compañía de los que aparecen los talones de recibos parciales, que en junto dan la suma de $284.70 de cuya fraudulenta apropiación viene acusado Alicea.

Se trata de un libro de recibos de la compañía, que, según el testimonio de Francisco A. Vélez, fué entregado al acusado para los cobros de sumas que habían de entregar varias personas en la semana del 13 al 20 de febrero de 1926; los talonarios y la firma del acusado fueron identificados por el testigo; y su admisión no constituye error.

Se refiere el señalamiento de error número tercero a la fuerza y peso de la prueba, en relación con la sentencia.

De la prueba presentada, apreciada en su conjunto, y en la relación entre los elementos probatorios, aparece una justificación completa de la acusación formulada en el caso. Nada hay que revele pasión, parcialidad, prejuicio, o evidente error de parte de la corte.

*La sentencia apelada debe ser confirmada.*